UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DANIEL WILKINS, <br><br> Petitioner, <br><br> v. <br><br> ST. JOSEPH COUNTY PROSECUTOR, <br><br> Respondent. | CAUSE NO.: 1:25-CV-335-HAB-ALT |

OPINION AND ORDER

Daniel Wilkins, a litigant without a lawyer, filed an amended habeas petition under 28 U.S.C. § 2241. (ECF 8.) The court must review the petition and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.[1] For the reasons stated below, the petition is dismissed.

The events underlying the charges began on March 4, 2022, when a police officer in Mishawaka attempted to stop Wilkins' vehicle due to the fact that it only had one working headlight. (*See* ECF 1-2 at 11-12.) A high-speed chase ensued and ended with Wilkins crashing his vehicle into a tree. (*Id.*) He suffered serious injuries to his legs in the crash. (*Id.*) After he was removed from the vehicle and taken to a hospital, a firearm was discovered on the floorboard. (*Id.*) At the time of this incident Wilkins had a prior conviction for armed robbery. (*Id.* at 21.) He was charged with unlawful possession of a

---

[1] Rule 4 may be applied to other types of habeas petitions besides those filed under 28 U.S.C. § 2254. *See* RULE 1(B) OF THE RULES GOVERNING SECTION 2254 CASES.

firearm by a serious violent felon and resisting law enforcement.² *State v. Wilkins*, 71D08-2212-F4-000070 (St. Joseph Sup. Ct. filed Dec. 27, 2022). He asserts that his constitutional rights are being violated in the pending case.

Criminal defendants awaiting trial on state charges may seek habeas relief under 28 U.S.C. § 2241. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). However, a federal court generally must "abstain from interfering with pending state proceedings to enforce a state's criminal laws." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Therefore, most constitutional claims cannot be raised in advance of trial and instead must await the conclusion of the state proceeding. *Id.* The only recognized exceptions to this rule are speedy trial claims and double jeopardy claims. *Id.*

Wilkins' amended petition contains several constitutional claims, but only his speedy trial claim is viable at this stage. *Sweeney*, 612 F.3d at 573. His claims of equal protection violations, invalidity of the charges, judicial bias, malicious prosecution, conspiracy, and due process violations cannot be raised in advance of trial and must await a conclusion of the state proceeding.³ *Id.*

As for his speedy trial claim, while exhaustion of state court remedies is not a statutory requirement for habeas petitioners who seek relief under 28 U.S.C. § 2241,

---

² Wilkins left many of the questions on the habeas form blank, but the court has been able to obtain additional information about the criminal case through public records. *See* FED. R. EVID. 201.

³ He may also be trying to assert a claim about the conditions he experienced at the St. Joseph County Jail before the judge released him on his own recognizance. Such claims cannot be brought in a habeas petition and instead must be raised under 42 U.S.C. § 1983. *See Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005).

2

"federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). To properly exhaust a claim, a petitioner must "assert his federal claim through one complete round of state-court review[.]" *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26.

In Indiana, speedy trial claims can be raised in an interlocutory appeal prior to trial. *See Curtis v. State*, 948 N.E.2d 1143, 1147-48 (Ind. 2011). There is no indication from either the amended petition or public records that Wilkins has availed himself of this remedy. In fact, when asked on the habeas form whether he presented his claim in all appeals that were available to him, Wilkins answered, "no." (ECF 8 at 7.) He thus has not exhausted his claim in state court.

Assuming for the sake of argument he could overcome the exhaustion barrier, he has not demonstrated an entitlement to federal habeas relief. "The Sixth Amendment right to a speedy trial is animated by the need (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that defense will be impaired." *United States v. Hills*, 618 F.3d 619, 632 (7th Cir. 2010) (internal quote marks and citation omitted). However, "[t]he speedy-trial right is amorphous, slippery, and necessarily relative" and is "consistent with delays and dependent upon circumstances." *Vermont v. Brillon*, 556 U.S. 81, 89–90 (2009) (internal quote marks and citation omitted).

3

The Supreme Court has expressly "refused to quantify the right into a specified number of days or months or to hinge the right on a defendant's explicit request for a speedy trial." *Id.* Instead, the Court adopted "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 90. Some of the factors the court should consider are whether any delay was "uncommonly long," whether the prosecution or the defendant was the cause of the delay, whether the defendant asserted his right to a speedy trial, and whether he has suffered prejudice as a result of the delay. *Ashburn v. Korte*, 761 F.3d 741, 751-752 (7th Cir. 2014).

Considering those factors here, the charges were filed against Wilkins in December 2022.[4] *Wilkins*, 71D08-2212-F4-000070. Although a warrant was issued for his arrest on December 27, 2022, he was not arrested until June 29, 2023. *Id.* He appeared for an initial hearing the day he was arrested. *Id.* An attorney made a temporary appearance on his behalf and bond was set. *Id.* Wilkins reported at that hearing that he intended to hire a private attorney, but he later asked for appointment of a public defender. *Id.* This request was granted. *Id.* After a public defender appeared in the case, the parties embarked on discovery. *Id.* A jury trial was originally scheduled for November 2023. *Id.* At a pretrial hearing in October 2023, the court vacated the upcoming trial date at Wilkins' request. *Id.* The case was set for a possible plea hearing in December 2023. *Id.*

---

[4] It appears from available information that Wilkins was receiving extensive medical treatment for his injuries between March 2022, the date of the traffic stop, and December 2022, when the charges were filed.

4

A plea did not materialize, however, and Wilkins subsequently filed a motion to suppress, which was set for an evidentiary hearing in February 2024. *Id.* Wilkins also requested permission to represent himself and to terminate counsel. *Id.* After a hearing, the court granted Wilkins' request to represent himself and appointed the public defender as standby counsel. *Id.* Thereafter, Wilkins filed a flurry of motions requesting various forms of relief. *Id.* The court held hearings on these motions and also granted some of the requested relief. *Id.* In the midst of these filings, Wilkins also filed a motion with the Indiana Supreme Court asking that the case be reassigned to a different trial judge; this motion was denied in January 2024. *State v. Wilkins,* No. 24S-SJ-23 (Ind. order dated Jan. 22, 2024). Back in the trial court, the court heard evidence on Wilkins' motion to suppress in late February 2024 and continued the hearing to early March 2024. *Wilkins,* 71D08-2212-F4-000070. The court also ordered Wilkins to be released from the jail on his own recognizance, due in part to his need for medical treatment for lingering injuries. (ECF 1-2 at 29.)

Shortly before the second portion of the suppression hearing was to occur Wilkins moved for a continuance, which was granted. *Wilkins,* 71D08-2212-F4-000070. *Id.* At his request, the court rescheduled the hearing for a date in July 2024. *Id.* The hearing proceeded on that date, and the court permitted the parties to submit post-hearing briefs. *Id.* After briefing, the court denied the motion to suppress. *Id.*

In mid-January 2025, the parties appeared for a status conference and Wilkins requested that standby counsel be terminated. *Id.* The court granted this request. *Id.* Additional status conferences were held in February and March 2025. *Id.* In late March

5

2025, Wilkins filed a number of motions, including a motion to dismiss the charges for lack of "subject matter jurisdiction." *Id.* At a hearing later that month, the court took his filings under advisement and set a pretrial conference date of June 11, 2025, and a trial date of July 21, 2025. *Id.* The court subsequently ruled on all of Wilkins' pending motions. *Id.* Two days before the scheduled pretrial conference, Wilkins filed an "emergency" motion for a continuance. *Id.* The court rescheduled the conference at his request. *Id.* Both the state and Wilkins then sought to reschedule the trial. *Id.* The court reset the trial for October 14, 2025. *Id.*

Based on these facts, Wilkins has not established a violation of his Sixth Amendment right to a speedy trial. The court considers that he is not presently incarcerated and has been at liberty during most of the pretrial proceedings. Several of the delays in the case were at his request or were caused by his disagreements with his attorney. He also complicated the case by filing a bevy of motions and seeking to have the trial judge removed—an argument the Indiana Supreme Court found to have no merit. His trial is currently scheduled to proceed in less than two months, and he has not identified any manner in which his defense has been impaired by delay. Under these circumstances, he has not established a Sixth Amendment violation. He may be relying on Indiana law, which quantifies the number of days in which defendants must be brought to trial. (*See* ECF 8 at 8.) However, a violation of state law does not provide a basis to grant him federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order

adverse to the petitioner. To obtain a certificate of appealability, the petitioner must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted).

For the reasons explained above, the only claim in the amended petition that can be raised in advance of trial is unexhausted and lacks merit under governing standards. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Wilkins to proceed further before the state proceeding concludes.

For these reasons, the court:

(1) DISMISSES the amended petition (ECF 8) and DENIES the petitioner a certificate of appealability; and

(2) DIRECTS the clerk to close this case.

SO ORDERED on August 22, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT